54

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PATRICIA SALCIDO | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-97-068 |
| | § | |
| JANET RENO, ATTORNEY GENERAL | § | |
| DEPARTMENT OF JUSTICE | § | |

## MEMORANDUM

On April 3, 2000, the Fifth Circuit Court of Appeals remanded this case for the purpose of determining whether or not Patricia Salcido's Notice of Appeal was timely filed. An evidentiary hearing was held on May 10, 2000.

The court makes the following findings of fact:

1. A final judgment was entered in this case on May 6, 1999.

2. Pursuant to Fed. R. App. Pr. 4(a)(1), Salcido had sixty days in which to file a Notice of Appeal.

3. Salcido's attorney was unaware of the sixty days filing requirement. He thought that the Notice of Appeal had to be filed within thirty days of the entry of final judgment.

4. On June 4, 1999, a private delivery service delivered an envelope to the United States District Clerk in Brownsville, Texas.

5. That envelope contained a Notice of Appeal that was properly styled, but bore a cause number assigned to a case pending in the United States District Court for the Western District of Texas, San Antonio Division.

6. The United States Attorney never received a copy of the Notice of Appeal, despite the fact that the cover letter contained in the package delivered to the Clerk on June 4, 1999, indicated that a copy was being transmitted to the United States Attorney.

7. The envelope delivered to the Clerk on June 4, 1999, also contained a check in the amount of $105.00. The check did not reference a cause number, and it was never negotiated.

8. The June 4, 1999, transmittal letter bore the San Antonio Division cause number.

9. The transmittal letter also contained a stamped self addressed envelope, so the Clerk could acknowledge the filing of the Notice of Appeal.

10. Salcido's attorney never received an acknowledgment from the Clerk that the Notice of Appeal was filed.

11. Subsequently, on September 13, 1999, Salcido's attorney remailed a Notice of Appeal to the Clerk in Brownsville, with the request that it be file stamped in June. This Notice of Appeal also bore the incorrect cause number.

12. In accordance with its usual practice, the United States Attorney's office purged and closed its file following the expiration of the sixty day time for filing a Notice of Appeal.

Salcido has argued that despite the fact that the Notice of Appeal bore the incorrect cause number, it should be deemed filed on June 4, 1999. She argues that putting the wrong cause number on a Notice of Appeal is excusable neglect.

Salcido's attorney's conduct in failing to file a timely Notice of Appeal is not excusable neglect. When no file stamped copy of the misnumbered notice was received from the Clerk's office, the attorney should have realized something was amiss. A cursory review of the Federal Rules of Appellate Procedure would have shown that the time limit for filing Notices of Appeals

2

in cases involving the government was sixty days, not thirty. No steps were taken to correct the problem presented by the misnumbered Notice of Appeal for ninety days. The United States, relying on the fact that no Notice of Appeal was filed, purged its file.

Considering all these factors, this court finds that no Notice of Appeal was filed.

DONE at Brownsville, Texas, this 6th day of June, 2000.

                              John Wm. Black
                              United States Magistrate Judge.