# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

U. S. COURT OF APPEALS
**FILED**
DEC 2 0 2000
CHARLES R. FULBRUGE III
CLERK

No. 99-41230
Summary Calendar

PATRICIA SALCIDO,

                            Plaintiff-Appellant,

versus

JANET RENO, U. S. Attorney General; DEPARTMENT OF JUSTICE; UNITED STATES BORDER PATROL,

                            Defendants-Appellees.

United States District Court
Southern District of Texas
FILED
FEB 15 2001
Michael N. Milby
Clerk of Court

Appeal from the United States District Court
for the Southern District of Texas
(B-97-CV-68)

Before POLITZ, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Patricia Salcido appeals an adverse summary judgment in her Title VII

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

action in which she alleges sexual harassment and hostile work environment. For the reasons assigned, we affirm.

## Background

Salcido, a Border Patrol agent stationed in Brownsville, Texas, asserts that over a three-year period, 1992 - 1995, her supervisor and other Border Patrol agents subjected her to treatment warranting an award of Title VII money damages.[1] She filed both informal and formal EEO complaints, the latter resulting in the agency's declination to pursue the complaint and issuance of a Right to Sue letter.

The government filed a motion to dismiss or, alternatively, for summary judgment which, in due course, was acted on as a motion for summary judgment. The trial judge granted same, finding that the evidence submitted raised no

---

[1] Among other things, Salcido alleges that: (1) her immediate supervisor unreasonably alleged she had been insubordinate, resulting in a reduced score on a conduct report; (2) he called her a pejorative name ("20-watts") in the presence of others; (3) an unflattering picture of her was passed around; (4) a cartoon was posted in which someone had written her call sign under one of the characters; (5) a picture of her taken after a drug seizure, posted on a bulletin board, was defaced; (6) other agents spread rumors that she was having affairs with certain agents; (7) one agent drove through her apartment complex looking for another male agent she was alleged to be seeing; (8) she was left alone for 45 minutes in the middle of the night when her vehicle became stuck; (9) agents would not return her radio calls; and (10) someone wrote an obscene comment in the dust of her rear window while the vehicle was parked in the agency's lot.

2

genuine issue of material fact. Further, the court found that the evidence established that the alleged acts of sexual harassment were few and infrequent, the rumors of alleged affairs were the equivalent of idle gossip, and none of the actions by the fellow agents were in any way physically threatening or abusive. The evidence of record further established that none of the alleged conduct was extreme, severe, or pervasive enough to create a hostile environment or to otherwise meaningfully adversely impact the terms and conditions of Salcido's employment.

    A close review of the record, trial court opinion, and briefs persuades that no material fact exists and that summary judgment appropriately issued herein. On the facts as detailed, authorities cited, and analysis made by the trial judge in his Memorandum Opinion signed on May 6, 1999 and entered of record on May 7, 1999, the judgment appealed is AFFIRMED.